UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOUIS VERNELL,

    Plaintiff,

v.                                         Case No:   2:15-cv-674-FtM-38MRM

NUVELL CREDIT COMPANY LLC
and ALLY FINANCIAL INC.,

    Defendants.
_____/

## ORDER[1]

This matter comes before the Court on the Plaintiff, Louis Vernell's Motion to Dismiss Counter Claim of Defendant, Ally Financial, Inc. for Lack of Subject Matter Jurisdiction (Doc. #21) filed on January 25, 2016.  The Defendant Ally Financial, Inc. filed its Response in Opposition (Doc. #24) on February 5, 2016.  The Motion is fully briefed and ripe for the Court's review.

## FACTS

On November 12, 2011, Plaintiff purchased a 2012 Ford Focus from Galloway Ford.  In making his purchase, Plaintiff entered into a Retail Installment Contract and Security Agreement (Loan) with Sam Galloway Ford.  The Loan was later assigned to Ally Financial, Inc.  Ally is a financial corporation involved in the collection of Plaintiff's debt.  Plaintiff subsequently defaulted on the Loan and the Ford Focus was repossessed

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

and sold. After the Ford Focus was sold, there remained a deficiency of $9559.93 remaining on the Loan. Ally has tried to collect on the outstanding deficiency,

Plaintiff claims that Ally illegally made telephone calls multiple times a day from January 2014 through August 2015. Plaintiff avers that all or some of these calls were made to his cellular phone using an automatic telephone dialing system. The Loan contained a clause allowing Ally to use an automatic telephone dialing system. The Installment Agreement reads in pertinent part:

> You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, at the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

(Doc. #24 Ex. A at p. 2, § 8). Plaintiff states that he withdrew his consent to call using an automated dialing system in March of 2015. Plaintiff alleges that each of the auto-dialer calls Ally made to his cellular telephone number after his revocation of consent were done so after he had revoked consent and/or without his prior expressed consent.

On October 29, 2015, Plaintiff initiated the instant action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collections Practices Act, Chapter 559, *et seq.* ("FCCPA"). Ally filed its Answer, Affirmative Defenses, and Counterclaim (Doc. #15) on December 15, 2015. Ally's Counterclaim contains one count for breach of contract alleging Plaintiff defaulted on the Loan. Plaintiff now moves to Dismiss Ally's Counterclaim due to lack of subject matter jurisdiction.

2

## STANDARD OF REVIEW

The general rule under Fed. R. Civ. P. 12(h)(3) is that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Under a Rule 12(b)(1) motion, a claim's subject matter jurisdiction may be challenged both facially and factually. McMaster v. United States, 177 F.3d 936, 940 (11th Cir. 1999). According to the Eleventh Circuit, facial attacks "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true". Id. (punctuation omitted). Factual attacks, however, "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Id. (punctuation omitted). The Eleventh Circuit has instructed that "[i]n response to a factual attack, a court should dismiss the complaint for lack of subject matter jurisdiction where the federal claim is clearly immaterial or insubstantial." Id. (punctuation omitted).

In factual subject matter jurisdictional attacks, this Court need not take the allegations in the complaint as true. Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel, 657 F.3d 1159, 1169 (11th Cir. 2011) cert. denied, 132 S. Ct. 2379 and cert. denied, 132 S. Ct. 2380 (U.S. 2012) and cert. denied. Rather, the Court may "independently weight the facts and is not constrained to view them in the light most favorable to the non-movant." Id.

## DISCUSSION

Plaintiff moves the Court to dismiss Ally's one count Counterclaim arguing: (1) Ally failed to invoke original subject matter jurisdiction under 28 U.S.C. § 1331 because Ally's

claim is a state law breach of contract claim; (2) the Counterclaim is permissive; and (3) there is no logical relationship between the TCPA and Ally's claim.

*(1) Subject Matter Jurisdiction*

Plaintiff argues that Ally failed to invoke subject matter jurisdiction. In its Counterclaim, Ally states jurisdiction arises pursuant to 28 U.S.C. § 1331 and Fed. R. Civ. P. 13. Pursuant to Title 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Speidel v. Am. Honda Fin. Corp.*, No. 2:14-CV-19-FTM-38CM, 2014 WL 820703, at *1 (M.D. Fla. Mar. 3, 2014). Plaintiff argues that Ally's Counterclaim is brought under Florida's breach of contract law and therefore, 28 U.S.C. § 1331 does not confer jurisdiction on this Court.

Instead 28 U.S.C. § 1367 "defines the permissible boundaries for the exercise of supplemental jurisdiction; that is, it delineates the power of the federal courts to hear supplemental claims and claims against supplemental parties." *Estate of Amergi ex rel. Amergi v. Palestinian Auth.,* 611 F.3d 1350, 1366 (11th Cir.2010) (citation omitted). Section 1367(a) thus authorizes a district court to hear supplemental claims to the full extent allowed by the "case or controversy" standard of Article III of the Constitution. *Scott v. A & Z Gen. Cleaning Servs., Inc.*, No. 6:11-CV-848-ORL-28, 2011 WL 3516075, at *1-2 (M.D. Fla. July 18, 2011) *report and recommendation adopted,* No. 6:11-CV-848-ORL-28, 2011 WL 3516145 (M.D. Fla. Aug. 11, 2011) (citing *Parker v. Scrap Metal Processors, Inc.,* 468 F.3d 733, 742–43 (11th Cir.2006); *Palmer v. Hosp. Auth.,* 22 F.3d 1559, 1566 (11th Cir.1994). The constitutional "case or controversy" standard, in turn, confers jurisdiction over all claims which arise out of a common nucleus of operative facts with

the federal claim. *Parker,* 468 F.3d at 743 *(citing Gibbs,* 383 U.S. at 725); *Palmer,* 22 F.3d at 1563–64 (a federal court has the power under section 1367(a) to exercise pendent jurisdiction over state claims which arise from the same occurrence and involve the same or similar evidence). A state cause of action which requires more proof than the federal claim is still within the court's supplemental jurisdiction if "both claims clearly arise from the same set of facts." *Milan Exp., Inc. v. Averitt Exp., Inc.,* 208 F.3d 975, 980 (11th Cir.2000); *Tamiami Partners, Ltd. ex rel. Tamiami Dev. Corp. v. Miccosukee Tribe of Fla.,* 177 F.3d 1212, 1223–24 (11th Cir.1999).

Ally acknowledges a mistake in the pleading and notes that the claim should have been brought pursuant to 28 U.S.C. § 1367 supplemental jurisdiction rather than 28 U.S.C. § 1331 original jurisdiction.  Ally states that the wrong jurisdictional statute was merely a typographical error and not an attempt to bring the case pursuant to the Court's original subject matter jurisdiction under 28 U.S.C. § 1331.  While the Counterclaim contains a typographical error-citing the wrong jurisdictional statute, this typographical error does not warrant dismissal of this claim. See *Whittaker v. Wells Fargo Bank, N.A.*, No. 6:12-CV-98-ORL-28GJK, 2013 WL 5442270, at *4 (M.D. Fla. Sept. 27, 2013) (holding that the case should not be dismissed where the Plaintiff citied to the wrong statute as long as it was clear from the claim what plaintiff was alleging in the complaint).  It is clear from the single count Counterclaim that Ally was alleging a state court action for breach of contract pursuant to the Court's supplemental jurisdiction. *Id.* Therefore, the Motion to dismiss based upon Ally citing to the wrong statute regarding jurisdiction is denied.

*(2) Whether the Counterclaim Should be Dismissed Because it is Permissive*

Federal Rule of Civil Procedure 13 which governs counterclaims divides them into two claims either compulsory or permissive. Courts automatically have supplemental jurisdiction over compulsory counterclaims. *Scott v. A & Z General Cleaning Services, LLC,* 2011 WL 3516075 *1-2 (M.D. Fla. July 18, 2011). Plaintiff argues that Ally's Counterclaim is permissive and, therefore; the Court cannot exercise jurisdiction over the state law Counterclaim for breach of contract. Ally argues that even if the Counterclaim is permissive the Court should elect to take supplemental jurisdiction over the claim.

Ally's Counterclaim seeks to enforce the debt that was the subject of the alleged calls at issue in Plaintiff's TCPA case. Ally's Counterclaim for breach of the Installment Agreement is a permissive counterclaim. *Dayhoff v. Wells Fargo Home Morg., Inc.*, No. 6:13-CV-1132-ORL-37, 2014 WL 466151, at *2 (M.D. Fla. Feb. 5, 2014) (holding Defendant's foreclosure and breach of note counterclaim is a permissive counterclaim at best); *Hunt v. 21st Mortgage Corp.,* No. 2:12–cv–381–RDP, 2012 WL 3903783, at *3 (N.D. Ala. Sept.7, 2012) (finding that debt-collection counterclaim was permissive, not compulsory)). Since Ally's Counterclaim is permissive, the Court must consider whether or not it will take supplement jurisdiction over the Counterclaim.

Supplemental jurisdiction may be exercised over a permissive counterclaim "so related" to the other claims in an action that together they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Plaintiff's TCPA claim and Ally's Counterclaim for breach of contract arise from "a common nucleus of operative fact," the Plaintiff's debt. *See Bakewell v. Federal Fin. Group, Inc.,* No. 1:04-CV-3538, 2006 WL 739807, *4 (N.D. Ga. March 21, 2006). Thus,

this Court has supplemental jurisdiction over Ally's Counterclaim pursuant to 28 U.S.C. §1367(a).

Supplemental jurisdiction over a permissive counterclaim may nonetheless be declined if "(1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Thomas v. Commercial Recovery Sys., Inc.*, No. 807-CV-1104-T-23MAP, 2008 WL 906770, at *1 (M.D. Fla. Apr. 1, 2008).

It is clear from the record that the Counterclaim—a simple breach of contract claim—does not raise a new or complex issue of state law, the federal law claim has not been dismissed, and there are no exceptional circumstances to consider. See *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743-44 (11th Cir. 2006) (holding that generally state tort claims are not considered novel or complex). As such, three (3) of the four (4) factors used to determine if the Court should decline to take supplemental jurisdiction are not germane to this case. However, courts in this district and elsewhere have found that a permissive breach of contract counterclaim will predominate over a TCPA claim. See *Dayhoff*, 2014 WL 466151, at *2 (citing *Campos v. W. Dental Servs., Inc.*, 404 F.Supp.2d 1164, 1170–71 (N.D.Cal.2005) (declining to exercise supplemental jurisdiction over debt collection counterclaim); *Randall v. Nelson & Kennard,* No. CV–09–387–PHX–LOA, 2009 WL 2710141, at *6 (D. Az. Aug. 26, 2009) (same); *Moore v. Old Canal Fin. Corp.,* No. CV05–205–S–EJL, 2006 WL 851114, at *4 (D. Idaho Mar.29, 2006) (same). Because the Counterclaim will most likely predominate over the Plaintiff's TCPA

7

claim, the Court declines to take supplemental jurisdiction over Ally's Counterclaim. Thus, dismissal under § 1367(c)(2) is warranted.

Since the Court finds that it should not take supplemental jurisdiction over Ally's Counterclaim, there is no reason to consider whether or not there is a logical connection between the TCPA claim and Ally's Counterclaim.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Louis Vernell's Motion to Dismiss Counter Claim of Defendant, Ally Financial, Inc. for Lack of Subject Matter Jurisdiction (Doc. #21) is **GRANTED**. Ally's Counterclaim is hereby **DISMISSED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of March, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record